**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone: 973-575-0707
Facsimile: 973-404-8886
Attorneys for Secured Creditor

Cory F. Woerner, Esq. (296702019)

---

In Re:

        Shanna R. Leach-Brown,

                           Debtor.

**Order Filed on July 30, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

Case No.:    25-20916-CMG

Chapter:    13

Hearing Date: April 22, 2026

Judge:  Christine M. Gravelle

---

**ORDER RESOLVING SECURED CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

    The relief set forth on the following pages, numbered two (2) through four (4), is hereby

ORDERED.

**DATED: July 30, 2026**

_Christine M. Gravelle_
Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

Page 2
In re: Leach-Brown, Shana R. \\ 25-20916-CMG
Order Resolving Motion for Relief from Stay

THIS MATTER having come before the Court on the Motion for Relief from the Automatic Stay of Federal Home Loan Mortgage Corporation, as Trustee for Freddie Mac SLST 2024-2 Participation Interest Trust ("Secured Creditor") by and through its counsel, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, as to the real property commonly known as  6 MARIE STREET SOUTH RIVER BORO New Jersey 08882 (the "Subject Property"), and Russell L. Low, Esquire representing Shanna R. Leach-Brown ("Debtor(s)"), and for good cause it is ORDERED that Secured Creditor's Motion for Relief from the Automatic Stay is resolved, subject to the following conditions:

1.  Status of post-petition arrearages:

    a.  The Debtor is overdue for 6 months from January 1, 2026, through June 1, 2026;

    b.  The Debtor is overdue for 6 payments from January 1, 2026, through June 1, 2026 at $2,378.74  per month;

    c.  Funds Held In Suspense $1,242.52;

    d.  Total Arrearages Due $13,029.92.

2.  Debtor must cure all post-petition arrearages, as follows:

    a.  Beginning on July 1, 2026, regular monthly mortgage payments shall continue to be made in the amount of $2,378.74, or in such other amounts as may be required by a time notice made pursuant to Fed. R. Bankr. P. 3002.1;

    b.  Beginning on July 15, 2026, the debtor shall remit additional monthly cure payments in the amount of $2,171.65 for a period of 5 months, and a 6th and final payment in the amount of $2,171.67 for 1 month.

Page 3
In re: Leach-Brown, Shana R. \\ 25-20916-CMG
Order Resolving Motion for Relief from Stay

3. Payments to the Secured Creditor mayl be made to the following address(es):

    a.  Regular Monthly Payments        Select Portfolio Servicing, Inc.
                                       Attn: Remittance Processing
                                       PO Box 65450
                                       Salt Lake City, UT 84165-0450

    b.  Cure Payments                       Select Portfolio Servicing, Inc.
                                         Attn: Remittance Processing
                                       PO Box 65450
                                       Salt Lake City, UT 84165-0450

Payments may be made by check, money order, certified funds, ACH telephonic debit, or by any other means deemed acceptable to the secured creditor.

4. In the event of Default:

    a.  Should the Debtor(s) fail to make any of the above captioned payments, or if any regular monthly mortgage payment or Trustee payments should become more than thirty (30) days late or if Debtor(s) fails to comply with any terms of this Order, counsel shall file a Certification of Default with the Court. A copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and upon a finding that cause exists the court shall enter an Order granting relief from the Automatic Stay. Debtor shall be responsible for paying all reasonable costs and fees for each notice or certification of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order.

    b.  Acceleration of cure payments: in the event the Debtor(s) default(s) within any such cure period that is prescribed in this order, any curative payments remaining under this order shall be due and payable in full.

Page 4
In re: Leach-Brown, Shana R. \\ 25-20916-CMG
Order Resolving Motion for Relief from Stay

c. In the event the Debtor(s)' case convert(s) to a Chapter 7 during the pendency of this bankruptcy case, regardless of whether conversion of the case is voluntary or involuntary, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Such payment to bring the account contractually current is due without further demand of the Secured Creditor. Should the Debtors fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, Chapter 7 Trustee, the Debtor(s), and Debtors' attorney and upon a finding that cause exists the court shall enter an Order granting relief from the Automatic Stay. Debtor shall be responsible for paying all reasonable costs and fees for each notice or certification of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order

d. This order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and upon a finding that causes exists the court shall enter an Order granting relief from the Automatic Stay. Debtor shall be responsible for paying all reasonable costs and fees for each notice or certification of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Order